IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD A. MANLEY | : | |
| | : | CIVIL ACTION |
| v | : | |
| | : | NO. 14-3379 |
| PREMIUM SPRAY PRODUCTS, INC., | : | |
| ET AL. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                          **MARCH 31, 2015**

Presently before the Court are: (1) the Motion of Defendant Premium Spray Products, Inc. ("PSP") to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and Improper Venue (ECF No. 8); (2) the Motion of Defendants COIM USA Group, COIM USA Holding, Inc., and COIM USA, Inc. (collectively, "COIM") to Dismiss Plaintiff's Complaint for Lack of Jurisdiction, and, in the Alternative, for Change of Venue to the District of New Jersey (ECF No. 13); and (3) PSP's Motion to Strike the Affidavit of Service, Seal the Complaint, and Strike Certain Paragraphs (ECF No. 7). For the following reasons, the Defendants' Motions to Dismiss the Complaint for Lack of Jurisdiction will be granted, and PSP's Motion to Strike the Affidavit of Service will be granted in part and denied in part.

**I.    BACKGROUND**

**A.    Factual History**

Plaintiff Donald Manley, a resident of Pennsylvania, worked part-time for a trucking company.[1] (Compl. ¶ 14, ECF No. 1.) On July 6, 2013, he picked up a tanker truck and traveled to COIM's depot in West Deptford, New Jersey, where approximately 40,000 pounds of

---

[1] At the motion-to-dismiss stage, we accept as true all facts as they are set forth in the complaint. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).

polyurethane were loaded onto his truck. (*Id.* ¶ 16.) Manley claims that, unbeknownst to him, an inexperienced COIM employee improperly cross-threaded the cap on the tank's four-inch fill valve while offloading the product into his truck. (*Id.* ¶ 17-20, 29.) Manley then drove to Marietta, Georgia to deliver the polyurethane to PSP. (*Id.* ¶ 22.)

When he arrived at PSP's facility the following Monday, an employee named Lewis put pressure on the tank in an effort to unload the product. (*Id.* ¶ 24-25.) Lewis noticed there was a leak in the tank. He refused to investigate the leak, so Manley did. (*Id.* ¶ 27-28.) Manley discovered the negligently cross-threaded cap. (*Id.* ¶ 29.) He claims that he asked Lewis to bleed pressure off the tank so that he could safely remove the cap and replace it properly to prevent further leakage. (*Id.* ¶ 30.) According to Manley, not only did Lewis not bleed pressure off the tank, he actually increased it. (*Id.* ¶ 31.) As a result of the increased pressure, the cap blew off the valve and struck Manley's right hand, causing him serious injury. (*Id.* ¶ 32.)

### B. Procedural History

On June 10, 2014, Manley filed this Complaint against PSP and COIM based upon diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). He sought damages for the companies' alleged negligence and the resulting injury to his hand. (Compl. ¶¶ 7-16.) On August 12, 2014, PSP filed a Motion to Dismiss for lack of jurisdiction and improper venue. (PSP Mot. Dis., ECF No. 8.) Manley filed a response in opposition on August 21, 2014. (Pl. Opp. PSP Mot. Dis., ECF No. 10.) PSP filed a reply on September 2, 2014. (PSP Reply, ECF No. 15.) On August 26, 2014, COIM also filed a Motion to Dismiss for Lack of Jurisdiction or, alternatively, a Motion for Change of Venue. (COIM Mot. Dis., ECF No. 13.) PSP filed a response to COIM's Motion (PSP Resp. COIM Mot. Dis., ECF No. 16), asserting its own alternative Motion for Change of Venue. On September 12, 2014, Manley filed a response opposing the Motions to

Dismiss and PSP's Motion for a Change of Venue to the Northern District of Georgia. However, Manley agreed with COIM that jurisdiction and venue would be proper in the District of New Jersey. (Pl. Opp. COIM Mot. Dis., ECF No. 17.) The Motions are now ripe for disposition.

## II.     LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish the court's jurisdiction over the moving defendants. *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). The court must accept the plaintiff's allegations as true, and construe disputed facts in his favor. *Toys "R" Us*, 318 F.3d at 457. Nevertheless, it is still the plaintiff's burden to prove, with reasonable particularity, that the moving defendants have sufficient contacts with the forum state to support the exercise of personal jurisdiction over them. *Mellon Bank*, 960 F.2d at 1223. Furthermore, the plaintiff must meet this burden through affidavits or competent evidence; general averments in bare pleadings will not suffice. *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

## III.    DISCUSSION

### A.     Personal Jurisdiction

PSP and COIM claim that this Court lacks personal jurisdiction over them. Both Defendants are from out-of-state. PSP is incorporated in Georgia, with its principal place of business in Georgia. (PSP Mot. Dis., Exhibit F.) COIM is incorporated in New Jersey, with its principal place of business in New Jersey. (COIM Mot. Dis. 3.) Personal jurisdiction may be exercised over an out-of-state defendant only to the extent permitted by the law of the state in which the district court sits, and then only to the extent permitted by the United States Constitution. Fed. R. Civ. P. 4(e). Pennsylvania's long-arm statutes provide two types of

jurisdiction over non-resident defendants: general and specific. 42 Pa. Cons. Stat. Ann. §§ 5322, 5301.

Specific jurisdiction exists where the cause of action is related to or arises out of the defendant's contacts with the forum. *Mellon Bank*, 960 F.2d at 1221. In this case, there is no specific jurisdiction over the Defendants, since the events giving rise to this action did not occur in Pennsylvania.

General jurisdiction can be asserted over a non-resident corporation under any of three conditions: (1) if that entity is incorporated in Pennsylvania; (2) if it has consented to personal jurisdiction in Pennsylvania; or (3) if a continuous and systematic part of its general business is carried out within Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5301(a)(2). Moreover, to justify exercising personal jurisdiction under the federal constitution, the company's affiliations with the forum state must be so "constant and pervasive" as to render the company "at home" in Pennsylvania. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). The Supreme Court has made clear that such a case is rare. *Id.* at 761 n.19 ("We do not foreclose the possibility that in *an exceptional case*, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.") (emphasis added) (citation omitted).

         1.    *General Jurisdiction over PSP is Absent*

PSP is not incorporated in Pennsylvania, and it has not consented to jurisdiction here. Therefore, the question is whether a "continuous and systematic" part of its business is carried out here, and whether its affiliations with Pennsylvania are so constant and pervasive as to render it "at home" here. PSP affirms that it has no offices or depots in Pennsylvania, owns no property here, has no bank accounts here, is not registered to do business here, pays no taxes here, enters

into no contracts here, and has no registered agents here. (PSP Mot. Dis. Ex. F.) Nevertheless, Manley claims that Pennsylvania courts can exercise general jurisdiction over PSP because it "regularly conducts business" in Pennsylvania, and because PSP products are sold here. (Compl. ¶ 9; Pl. Opp. PSP Mot. Dis. 10-12.) We disagree.

As noted above, it is Manley's burden to come forward with sufficient facts to establish that jurisdiction is proper. *See Mellon*, 960 F.2d at 1223. Manley's naked assertion that PSP "regularly conducts business" in Pennsylvania does not meet that burden. *See Time Share*, 735 F.2d at 66 n.9. Furthermore, the sale of a company's products in a particular state does not, in and of itself, establish general jurisdiction over the company in that state. Indeed, the approach Manley endorses has been rejected repeatedly by the Supreme Court, most recently in the case of *Daimler v. Bauman*, 134 S.Ct. 746 (2014).

In *Daimler*, the plaintiffs argued that California had general jurisdiction over non-resident corporation Daimler, because the California sales of Daimler's subsidiary, Mercedes-Benz USA (MBUSA), constituted a substantial percentage of the corporation's worldwide sales. The Court observed that such an argument went too far:

> If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercise of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

*Id.* at 761-62 (internal quotation marks and citation omitted).[2]

---

[2] Manley's attempt to distinguish *Daimler* is unavailing. *Daimler* has been widely cited by federal courts to dismiss cases, predicated on facts much like the facts here, for lack of personal jurisdiction. *See, e.g.*, *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 40-41 (2d Cir. 2014); *Snodgrass v. Berklee Coll. of Music*, 559 F. App'x. 541, 541-43 (7th Cir. 2014); *Farber v. Tennant Truck Lines, Inc.*, ___F. Supp. 3d___, 2015 WL 518254, at *8-11 (E.D. Pa. Feb. 9, 2015); *Burry v. Cach, LLC*, No. 14-2139, 2015 WL 328182, at *1-5

Similarly, the bare allegation that PSP "operates nationally" is insufficient to establish general jurisdiction here. Under such a "sprawling view" of general jurisdiction, "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed." *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2856 (2011); *see also Daimler*, 134 S. Ct. at 760-61 ("Plaintiffs would have us . . . approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' That formulation, we hold, is unacceptably grasping."); *Farber*, 2015 WL 518254, at *9-11; *cf. In re Roman Catholic Diocese*, 745 F.3d at 40-41.

Manley fails to demonstrate that this is an "exceptional case" in which PSP's contacts with Pennsylvania are so constant and pervasive as to render it at home here. This Court lacks personal jurisdiction over PSP and the Motion to Dismiss the Complaint will therefore be granted. *Farber*, 2015 WL 518254, at *11.

    2.  *General Jurisdiction over COIM is Absent*

Like PSP, COIM is neither incorporated in Pennsylvania nor is its principal place of business here. Therefore, to establish general jurisdiction against COIM, Manley must prove that this is a rare case in which COIM's contacts with Pennsylvania are so "constant and pervasive" as to render COIM at home in Pennsylvania. *Daimler*, 134 S. Ct. at 751.

Manley argues that general jurisdiction is warranted over COIM because COIM "regularly conducts business in Pennsylvania." (Pl. Opp. COIM Mot. Dis. 7; Compl. 3.) COIM asserts that its sole contacts with Pennsylvania involve the sale of products that are unrelated to

---

(E.D. Pa. Jan. 22, 2015); *In re Asbestos Prods. Liab. Litig. (No. VI)*, MDL No. 875, 2014 WL 5394310, at *8-11 (E.D. Pa. Oct. 23, 2014).

the claims at bar. (COIM Mot. Dis. 8.) As discussed above, Manley's naked assertion does not meet the pleading standard for establishing jurisdiction against an out-of-state defendant. Moreover, the mere fact that COIM products are sold in Pennsylvania does not establish general jurisdiction against the company here. *See Daimler,* 134 S. Ct. at 760-61; *Goodyear*, 131 S. Ct. at 2856. Manley fails to demonstrate that this is an "exceptional case" in which COIM's contacts with Pennsylvania are so constant and pervasive as to establish general jurisdiction here. The Court lacks personal jurisdiction over COIM and the Motion to Dismiss the Complaint will therefore be granted. *Farber*, 2015 WL 518254, at *11.

      **B.**      **Jurisdictional Discovery**

Manley requests leave to conduct jurisdictional discovery in order to bolster his claim that this Court may exercise general jurisdiction over the Defendants. (Pl. Opp. PSP Mot. Dis. 3.) Jurisdictional discovery should be permitted where a plaintiff has presented factual allegations that suggest, with "reasonable particularity," the possible existence of the requisite contacts between the defendant and the forum state. *Toys "R" Us*, 318 F.3d at 456. Because Manley has not presented such factual allegations with any particularity — relying instead on the general assertions that Defendants' products are sold in Pennsylvania and that Defendants "operate nationally" — his request for jurisdictional discovery will be denied. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("[A] mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous'" and does not warrant jurisdictional discovery.); *see also Baer v. United States*, 722 F.3d 168, 176-77 (3d Cir. 2013); *c.f. Toys "R" Us*, 318 F.3d at 456-58.

C.     **Motions to Transfer Venue**

Defendants have both moved in the alternative for a transfer of venue.  PSP requests a transfer to the Northern District of Georgia, the site of Manley's alleged injury and PSP's headquarters.  (PSP Resp. COIM Mot. Dis. 6-7.)  COIM requests a transfer to the District of New Jersey, the site of alleged underlying negligence and COIM's headquarters.  (COIM Mot. Dis. 9-10.) Manley supports a transfer to New Jersey, but strongly opposes a transfer to Georgia.  (Pl. Opp. COIM Mot. Dis. 1-2.)

A court may transfer a case to another district in which the action could have been brought, even when it lacks personal jurisdiction over the defendants.  28 U.S.C. § 1631; *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962).  A court shall do so only if it determines that transfer serves the interest of justice.  28 U.S.C. § 1631.  In analyzing whether dismissal or transfer is appropriate, courts consider the statute of limitations as it relates to the claims asserted.  *See, e.g.*, *Cabot Corp. v. Niotan, Inc.*, No. 08-01691, 2011 WL 4625269, at *18-19 (E.D. Pa. Sept. 30, 2011); *Donohue v. Team Rensi Motorsports*, LLC, No. 01-5564, 2002 WL 32341953, at *8 n.3 (E.D. Pa. Oct. 10, 2002).  Courts have also considered whether the parties can agree on a different forum.  *See, e.g., Lewis v. Cabana Coaches, LLC*, No. 11-2507, 2012 WL 246390, at *2-3 (E.D. Pa. Jan. 26, 2012).  Neither of these factors weighs in favor of transfer here.

The alleged incident underlying Manley's claim occurred in July 2013.  In both the proposed venues, the statute of limitations on personal injury actions is two years.  *See* Ga. Code. Ann. § 9-3-33; N.J. Stat. Ann. § 2A: 14-2.  Therefore, it appears that the statute of limitations would not impede Manley's ability to refile in either Georgia or New Jersey at this point.  Manley has not asserted otherwise.

Next, the parties do not agree on a different forum. While Manley and COIM could compromise on New Jersey, PSP demands Georgia, which Manley strongly opposes. The plaintiff's choice of next best forum is a consideration — *see Donohue*, 2002 WL 32341953, at *8 n.3 — but it is not clear that New Jersey (Manley's next best choice) would be a proper forum for his claims against PSP.[3] Though the Third Circuit counsels to consider severability in such a circumstance — *see D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110-11 (3d. Cir. 2009) — the claims against PSP are inextricably intertwined with those against COIM, and to sever them would surely create duplicative litigation. *See id.*; *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 33-34 (3d Cir. 1993) (stating that a court should not sever if it would result in duplicative litigation, particularly where it would "place each defendant in the position of being able to defend by asserting the absent party's negligence"); *Lohr v. Kimmel & Silverman, P.C.*, No. 10-5857, 2011 WL 1603567, at *4-5 (E.D. Pa. Apr. 28, 2011) (dismissing a claim rather than severing and transferring it, to avoid duplicative litigation).

Perhaps the most compelling factor courts have considered in this analysis is whether the proposed forum was the site of the events underlying the claim. *See Brock v. Harrah's Atl. City Propco, LLC*, No. 12-5055, 2013 WL 820596, at *6 (E.D. Pa. Mar. 6, 2013); *see also Matthews*

---

[3] New Jersey was not the site of his injury, nor was it the site of the alleged negligence immediately preceding his injury (the increase of pressure on the cap as Manley removed it). Moreover, since PSP is neither incorporated in New Jersey, nor is its principal place of business there, it is not clear that venue would be proper in New Jersey as to Manley's claims against PSP, or that the District of New Jersey could exercise personal jurisdiction over the company. We are not inclined to make a jurisdictional finding in that regard to transfer the case, to the extent that doing so could potentially restrict our sister court's jurisdictional analysis. *See D'Jamoos*, 566 F.3d at 111 (where the Third Circuit concluded there was a prima facie showing of Colorado's general jurisdiction over a defendant, it emphasized that its conclusion was "not tentative or preliminary. Rather, if the District Court determines . . . that a transfer is in the interest of justice and transfers the case to the District of Colorado, we believe that the Colorado court will be bound by our prima facie finding of personal jurisdiction insofar as that ruling will be the law of the case.").

*v. America's Pizza Co.*, No. 13-6905, 2014 WL 1407664, at *2 (E.D. Pa. Apr. 10, 2014). According to the complaint, the site of Manley's injury, and the site of the alleged negligence immediately preceding it, was Georgia. Georgia would then seem the most logical forum for Manley's complaint. However, Manley strenuously opposes transfer to Georgia.

Balancing the above factors, it is not clear that the interest of justice would be served by transferring this case to either proposed forum. Accordingly, we decline to do so. We will instead dismiss the case for lack of personal jurisdiction. *See De Lage Landen Fin. Servs., Inc. v. New Life Anointed Ministries Int'l, Inc.*, No. 10-1887, 2011 WL 2601542, at *6 (E.D. Pa. June 30, 2011). Manley can then make a decision as to where he wishes to file his complaint. The motions to transfer will be denied.

### D.     Motions to Seal the Complaint and Strike Certain Paragraphs

PSP asks the Court to seal Manley's complaint in its entirety, and further, to strike paragraphs 26, 34, 36(d), 48, and 45 [sic 49], with prejudice. (PSP Mot. Seal 1.) The Third Circuit has made clear that its "strong presumption" of openness weighs heavily against sealing any part of a judicial record. *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). To justify such sealing, the movant bears a heavy burden of demonstrating good cause, and showing that the "disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* Sealing part of a judicial record is an "unusual step" — *id.* — that even PSP acknowledges is rare. (PSP Mot. Seal 7.)

Manley makes no allegations that naturally demand shielding from the public, e.g., allegations revealing trade secrets, or grand jury materials protected from public disclosure by Title II. *See Rose v. Rothrock*, No. 08-3884, 2009 WL 1175614, at *7-9 (E.D. Pa. Apr. 29, 2009). Instead, PSP argues that Manley's allegations, particularly those concerning the

10

comments of alleged employee "Lewis" about his personal life, are "scandalous" and "disparage" the company, and further complains that the allegations have been repeated on certain websites, causing "potential damage" to PSP's reputation.  (PSP Mot. Seal 7.)  These contentions do not outweigh the strong presumption in favor of openness, and they certainly do not warrant sealing the entire complaint.  *See Byars v. Sch. Dist. of Phila.*, No. 12-121, 2015 WL 500196, at *1-3 (E.D. Pa. Feb. 5, 2015); *Rose*, 2009 WL 1175614, at *7-9; *Dombrowski v Bell Atl. Corp.*, 128 F. Supp. 2d 216, 219 (E.D. Pa. 2000) (denying defendant's request to seal paragraphs because they were "embarrassing").

PSP's motion to strike is similarly unavailing.  Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  The court has "considerable discretion" in deciding whether to do so.  *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007).  PSP argues that the paragraphs concerning Lewis's comments on his personal life are scandalous and unrelated to Manley's claims, and should therefore be stricken.  We have reviewed the paragraphs in question and see no allegations that rise to the level of "scandalous" within the meaning of Rule 12(f).  *See Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004); *cf. Lawson v. City of Coatesville*, No. 12-6100, 2013 WL 4596129, at *6 (E.D. Pa. Aug. 29, 2013) (paragraphs recounting sexual deviancy that were unrelated to substance of complaint were scandalous under Rule 12(f)); *Collura v. City of Phila.*, No. 12-4398, 2012 WL 6645532, at *7-8 (E.D. Pa. Dec. 21, 2012) (characterization of police officers as  "scumbags," "creeps," "excrement," "worthless," and "slime," was scandalous under Rule 12(f)).  Likewise, we see no allegations that are so unrelated to Manley's claim as to warrant the drastic remedy of striking them.  *See Pham v. Oak Street*

*Mortg., LLC*, No. 06-3044, 2007 WL 320288, at *2 (E.D. Pa. Jan. 29, 2007); *Johnson*, 344 F. Supp. 2d at 809.

PSP's motions to seal the complaint and to strike certain paragraphs will be denied.

### E. Service Costs

In his opposition to PSP's motions to seal the complaint and to strike certain paragraphs, Manley requests reimbursement for the cost of serving PSP by hand, after his attempt to effectuate service by mail was unsuccessful. (Pl. Opp. PSP Mot. Strike 4, 6.) Manley is not entitled to reimbursement. The waiver he mailed to PSP did not comply with Federal Rule of Civil Procedure 4(d). Rule 4(d)(1)(A)(ii) requires a plaintiff to address a waiver form to a specific officer or agent of a corporation, not to the corporation generally. Here, Manley addressed the form generally to "Premium Spray Products, Inc." (Aff. Serv. 1, ECF No. 2.) Manley's request for reimbursement will therefore be denied. *See McGehean v. AF&L Ins. Co.*, No. 09-01792, 2009 WL 3172763, at *5 (E.D. Pa. Oct. 2, 2009).[4]

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss the Complaint for Lack of Jurisdiction will be granted. (ECF Nos. 8, 13.) The alternative Motions to Transfer Venue will be denied. (ECF Nos. 8, 13.) PSP's Motion to Strike the Affidavit of Service, appearing on the docket at ECF No. 2, will be granted. (ECF No. 7.) PSP's Motions to Seal the Complaint and to Strike Certain Paragraphs will be denied. (ECF No. 7.) Plaintiff's requests for jurisdictional discovery and for reimbursement of service costs will also be denied.

---

[4] PSP also moved to strike the affidavit of service filed by Manley, which appears on the docket at ECF No. 2. (PSP Mot. Seal 8-10, ECF No. 7.) Manley concedes that PSP's motion is appropriate, since PSP was not properly served until July 23, 2014. (Pl. Resp. PSP Mot. Seal 4, ECF No. 11.) We will grant PSP's motion to strike the affidavit of service, which appears on the docket at ECF No. 2, accordingly.

An appropriate order follows.

                                  **BY THE COURT:**

                                  _____
                                  **R. BARCLAY SURRICK, J.**